UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                          :

NAGIBE AL-HAJ,                           :

                     Plaintiff,          :

                                              :               19-cv-6072 (LJL)

        -v-                          :

                                              :               <u>ORDER AND</u>

RICHARD AKUAMOAH, ARTHUR CANTON, TYRA  :

BOONE, CHRIT-YVES DABEL, EMMANUEL         :               <u>OPINION</u>

GOOSBY, RONALD LAPORTE, DUVENS           :

LESPINASSE, MELVIN MASSY, DR. CRISTINA   :

MUSAT, SONTE TAYLOR, SHANTEAU WATKINS,  :

DERRICK WILDER, DENISE WILLIAMS,         :

                                              :

                   Defendants.        :

                                              :

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/15/2021__

LEWIS J. LIMAN, United States District Judge:

       Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to

dismiss Plaintiff's second amended complaint.  Dkt. No. 53.  For the following reasons,

Defendants' motion is granted.

<strong>FACTUAL BACKGROUND</strong>

       Plaintiff Nagibe Al-Haj ("Plaintiff" or "Al-Haj") is currently confined at Kirby Forensic

Psychiatric Center ("Kirby").  He brought this action pursuant to 42 U.S.C. § 1983, alleging that

he is entitled to damages for violations of his constitutional rights.

       Plaintiff's Second Amended Complaint, as the Court liberally construes it, makes two

allegations.  First, Plaintiff complains that Dr. Cristina Musat ("Musat") transferred him from

one ward to another and that Musat and Sonte Taylor ("Taylor") subsequently restricted his

phone privileges, which left him unable to contact his attorney or the Justice Center, which is

construed to mean the New York State Justice Center for Protection of People with Special Needs.  Dkt. No. 53 at 13 n.5.

Second, Plaintiff claims he was assaulted by two other patients on two occasions.  He alleges that on June 10, 2019, Louis Acosta hit him in his right ear, causing him to "see the stars and a moon in [his] head."  Dkt. No. 29 at 5.  He further alleges that on June 14, 2019, a patient he identifies as "Dxon" or "Dexen" slapped him in the face and scratched him on the forehead and the hand.  He alleges that he received medical treatment for the injuries, and that he still cannot lift his hand.

In addition to Musat and Taylor, Plaintiff names as Defendants Richard Akuamoah, Arthur Canton, Tyra Boone, Chrit-Yves Dabel, Emmanuel Goosby, Ronald Laporte, Duvens Lespinasse, Melvin Massy, Shanteau Watkins, Derrick Wilder and Denise Williams.  These Defendants are Security Hospital Treatment Assistants ("SHTAs").  Plaintiff alleges that Taylor participated in Al-Haj's transfer to a different unit.  He raises no specific allegations against the remaining eleven named Defendants.  The Second Amended Complaint does not name as defendants the two individuals who allegedly assaulted Plaintiff.

Plaintiff seeks damages for his injuries.

## PROCEDURAL BACKGROUND

Plaintiff filed his complaint against Kirby and two patients on June 28, 2019.  Dkt. No. 2. On August 7, 2019, the Court dismissed the claims against Kirby as barred by the Eleventh Amendment.  Dkt. No. 6 at 2.  The Court additionally ordered the New York State Office of the Attorney General ("OAG") to identify the individuals employed as Security Hospital Treatment Assistants ("SHTAs") who were present at the time of the alleged assaults pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).  *Id*. at 3.

On October 4, 2019, the OAG identified the SHTAs in response to the Court's order. Dkt. No. 11. By order dated October 8, 2019, the Court directed Plaintiff to file an amended complaint naming the individuals the OAG had identified. Dkt. No. 14. Plaintiff filed the amended complaint on October 28, 2019, but failed to name the identified individuals. Dkt. No. 15.

By letter dated December 2, 2019, the OAG asked the Court to dismiss Plaintiff's complaint for failure to comply with the October 8, 2019 Order. Dkt. No. 21. The Court denied the request and granted Plaintiff leave to file an amended complaint. Plaintiff filed his second amended complaint ("2AC") on January 6, 2020. Dkt. No. 29.

Defendants filed this motion to dismiss on May 4, 2020. Dkt. No. 52. Plaintiff filed a letter in opposition on June 5, 2020, which repeated the allegations in his complaint. Dkt. No. 60. Defendants filed a reply to the letter on June 22, 2020. Dkt. No. 62. The Court held a telephonic conference on August 24, 2020.

## LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence.'" *U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (quoting *Guadagno v.*

3

*Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)).  Where the defendant

challenges the legal sufficiency of a complaint's allegations, the court must treat all factual

allegations as true and draw reasonable inferences in favor of the complaining party.  *Robinson*

*v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001).  However, where the jurisdictional

challenge is fact-based, the defendant may "proffer[] evidence beyond the [p]leading," and the

plaintiff "will need to come forward with evidence of their own to controvert that presented by

the defendant 'if the affidavits submitted on a 12(b) motion . . . reveal the existence of factual

problems' in the assertion of jurisdiction."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57

(2d Cir. 2016) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d

Cir. 1976)).  In that case, "no presumptive truthfulness attaches to the complaint's jurisdictional

allegations," and "the burden is on the plaintiff to satisfy the Court, as fact-finder, of the

jurisdictional facts."  *Guadagno*, 932 F. Supp. at 95.

On a 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in

the complaint and draw all possible inferences from those allegations in favor of the plaintiff.

*See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537

U.S. 1089 (2002).  This requirement "is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Id.*  A complaint must offer more

than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or

"naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  The ultimate question is whether "[a]

claim has facial plausibility, [i.e.] the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx v. Siracusano*, 563 U.S. 27, 46 (2011).

Because Plaintiff is proceeding pro se, his complaint is to be "generously and liberally construed," *Kadosh v. TRW, Inc.*, 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994), in his favor, and the Court holds his filings to a "less stringent standard than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Pro se plaintiffs are entitled to "special solicitude," and a court must interpret a pro se plaintiff's complaint "to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).  A pro se plaintiff is nevertheless required to satisfy the same pleading requirements as a plaintiff proceeding with the aid of counsel.  A pro se plaintiff's "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 524–25 (S.D.N.Y. 2013) (quoting *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010)).  Furthermore, a court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Plaintiff raises two principal complaints.  First, he alleges that Musat and Taylor transferred him from one ward to another for no reason and that they restricted his phone privileges.  Second, he alleges that two other prisoners, Acosta and Dexen, assaulted him on two occasions.  The Court addresses the two allegations in turn.

A.       **Allegations against Musat and Taylor**

Plaintiff's allegations against Musat and Taylor do not state a claim of constitutional deprivation.  First, the allegation that Musat transferred Plaintiff from one ward to another does not rise to the level of a constitutional violation.  "Individuals involuntarily committed to state custody, . . . have constitutionally-protected liberty interests in . . . medical care[] and conditions of reasonable care and safety."  *Vallen v. Plan*, 2016 WL 482026, at *3 (E.D.N.Y. Feb. 4, 2016).  However, the Supreme Court has held that "decisions concerning the treatment of committed individuals should be 'made by medical professionals rather than a judge,' assuming adequate procedural safeguards exist."  *Lewis v. Huebner*, 2020 WL 1244254, at *7 (S.D.N.Y. Mar. 16, 2020) (quoting *Washington v. Harper*, 494 U.S. 210, 231 (1990)).  Thus, decisions of professionals are "presumptively valid."  *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).  Accordingly, "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  *Id*.

Plaintiff has not made allegations showing that Musat and Taylor departed from ordinary professional judgment in transferring him from one ward to another.  He states only that Musat transferred him to 4 West "for no reason."  Dkt. No. 29 at 5.  The mere transfer of a patient from one ward to another does not in and of itself constitute a constitutional injury.  Plaintiff has not alleged that he suffered any harm from the transfer beyond the fact of the transfer itself.  If he had alleged harm resulting from the transfer, Plaintiff would still have to allege that Musat departed from accepted professional judgment in making the transfer.  Plaintiff has not done so, and so this claim cannot proceed.

Plaintiff's allegation that Musat and Taylor restricted his use of the telephone so that he was unable to call his lawyer or the Justice Center also does not on its own state a claim of constitutional deprivation.  "Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.'"  *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  In order to establish a constitutional violation, the plaintiff must "show that the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in actual injury to the plaintiff."  *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).  "To show actual injury, the plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim."  *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

In *Bounds v. Smith*, the Supreme Court held that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds*, 430 U.S. at 828.  However, *Bounds* "did not create an abstract, freestanding right to . . . legal assistance."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Instead, "meaningful access to the courts is the touchstone," *Bounds*, 430 U.S. at 823, "and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  *Lewis*, 518 U.S. at 351.  The relevant inquiry is whether the inmate has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Bounds*, 430 U.S. at 825.

Plaintiff's statement that his access to the phone was restricted and that he did not have access to his lawyer or thus Justice Center does not meet this standard.  A detainee does not have a right to unlimited telephone access.  *See Bellamy v. McMickens*, 692 F. Supp. 205, 214

(S.D.N.Y. 1988) ("Although prisoners have a right to access counsel from prison, they have no right to unlimited telephone calls.").  Further, "[p]hone restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communicating with the outside world, and particularly with counsel." *Henry v. Davis*, 2011 WL 3295986, at *2 (S.D.N.Y. Aug. 1, 2011).  Accordingly, a well-pleaded Section 1983 claim based on lack of telephone access would require an allegation that the inmate was "stripped of alternate means of communication." *Edwards v. Horn*, 2012 WL 760172, at *5 (S.D.N.Y. Mar. 8, 2012).

Plaintiff's complaint alleges no more than that his telephone access was restricted.  The complaint does not contain an allegation that Plaintiff was stripped of alternative means of communication with counsel, nor does it allege that he was deprived of his right adequately to pursue his legal claims.  In the absence of such allegations, there has been no sufficient claim stated of a constitutional violation or a constitutional injury.

### B.      Allegations of Assault

Plaintiff fails to state a claim against Akuamoah, Boone, Canton, Dabel, Goosby, Laporte, Lespinasse, Massy, Watkins, Wilder, and Williams.  "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff alleges that he was assaulted by two patients, on several different occasions, and that they injured his hand.  2AC at 5-6.  However, Plaintiff has not alleged any involvement by any of the named Defendants in that conduct.  Plaintiff alleges that he was punched in the head

by another patient; then he lists the names of the named SHTAs, with the exception of Lespinasse; and then alleges that he was assaulted again at a later date.  Plaintiff does not allege that any of the SHTAs participated in the assault, nor does he allege than any of them permitted the assault to occur.  He merely lists their names in between his two allegations of assault.  The Court cannot infer a constitutional violation in the absence of more specific allegations that the SHTAs participated in the violation.  *See Myers v. City of New York*, 2012 WL 3776707, at *3 (S.D.N.Y. Aug. 29, 2012) (holding that, where there was no allegation of personal involvement by the defendant in the conduct giving rise to the alleged constitutional violation, there could be no claim under Section 1983).

As for Lespinasse, although he is named in the caption, he is never named in the body of the complaint itself.  "Where . . . a plaintiff names a defendant in the caption, but the complaint contains no substantive allegation against the defendant, dismissal of the complaint is appropriate."  *Rahman v. Schriro*, 22 F. Supp. 3d 305, 317 (S.D.N.Y. 2014).  In order to state a claim against Lespinasse, Plaintiff must make a substantive allegation against him in the body of the complaint.  Plaintiff has not done so, and the claim against Lespinasse must therefore be dismissed.

## C.    Dismissal Without Prejudice

Defendants have requested that the Court dismiss Plaintiff's complaint with prejudice, on the ground that an opportunity to replead would be "futile."  Dismissal with prejudice is not warranted here.  "[D]istrict judges should, as a general matter, liberally permit pro se litigants to amend their pleadings."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  Plaintiff is proceeding pro se, and has not yet had the benefit of a decision of the Court explaining the pleading standards necessary for his claims to survive a motion to dismiss.

Accordingly, the Court grants Plaintiff leave to amend his complaint in accordance with the requirements set forth in this opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed.  This dismissal is without prejudice to Plaintiff filing an amended complaint in response to the Court's opinion within 90 days of the date of this opinion.  The Clerk of Court is respectfully directed to mail a copy of this opinion to the Plaintiff.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 52.

SO ORDERED.

Dated: March 15, 2021
       New York, New York
                                    _____
                                              LEWIS J. LIMAN
                                         United States District Judge